IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
for Charlottesville
NOV 09 2005
JOHN F. CORCORAN, CLERK
BY: /s/ Tay Coleman
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 3:05-MC-00011 |
| v. | MEMORANDUM OPINION |
| ROY T. FITZGERALD, *Defendant.* | JUDGE NORMAN K. MOON |

This matter comes before the Court on the third-party Motion of Charlottesville Chief of Police Timothy J. Longo ("Longo") to Quash Subpoena and for Permission to Submit Documents to the Court Under Seal for In Camera Inspection, filed on October 25, 2005. For the following reasons, the Court GRANTS IN PART this Motion and ORDERS Longo to submit the documents for *in camera* inspection. After reviewing the documents, the Court will make a final ruling on whether to quash or modify Defendant's subpoena duces tecum.

District courts have great discretion in making findings under Rule 17(c). *U.S. v. Nixon*, 418 U.S. 683, 702 (1974); *In Re Grand Jury Subpoena*, 829 F.2d 1291, 1296 (4th Cir.1987). It is well settled that pre-trial production under a Rule 17(c) subpoena is limited to documents that are relevant, specifically designated, and admissible. *Nixon*, 418 U.S. at 700. *Nixon* and its progeny have generally followed the subpoena requirements listed in *United States v. Iozia*: (1) the documents sought are evidentiary and relevant; (2) they are not otherwise reasonably procurable

in advance of trial; (3) the defendant cannot properly prepare for trial without such production and inspection, and that failure to obtain such inspection may tend to unreasonably delay the trial; and (4) that the application is made in good faith and not as a general fishing expedition. 13 F.R.D. 335, 338 (S.D.N.Y. 1952).

Rule 17 is not intended to be a means of discovery. *Bowman Dairy Co. v. U.S.*, 341 U.S. 214 (1951); *U.S. v. Schembari*, 484 F.2d 931, 936 (4th Cir. 1973). As various courts have noted, it would make little sense for Rule 16 to provide limited discovery in criminal cases if defendants could nonetheless obtain the broadest form of discovery under Rule 17. *See, e.g., U.S. v. Beckford*, 964 F. Supp. 1010, 1022 (E.D. Va. 1997). Rather, Rule 17 "is designed as a means of providing compulsory process for obtaining specific, identifiable documents." *U.S. v. Crosland*, 821 F. Supp. 1123, 1129 (E.D. Va. 1993). In addition, Rule 17 is limited to the production of evidentiary materials. However, this limitation does not require that all the documents subpoenaed actually be used in evidence; rather, that defense must make a good faith effort to obtain evidence, rather than merely engage in a fishing expedition. *In Re Martin Marietta Corp.*, 856 F.2d 619, 622 (4th Cir. 1988).

With these standards in mind, the Court turns to the subpoena duces tecum at issue. Defendant Fitzgerald claims that he is entitled to production of the Charlottesville Police investigation reports. Defendant argues that the subpoena is not overbroad or a fishing expedition because the Charlottesville police investigation covered the same events as this criminal prosecution. He also argues that interviews conducted during the investigation may provide relevant or exculpatory information. This information is not available directly from interviewing the officers, Defendant argues, because they may be unwilling to speak to him or may have

forgotten important details in the intervening four years.

Despite these arguments, the Court finds serious deficiencies in Defendant's subpoena duces tecum. It is clear from Defendant's brief that he does not know what the investigation files contain. He notes that the files contain information that is "probably exculpatory" and that "there are no doubt many more persons who were interviewed" who provided information. This uncertainty suggests that Defendant is in fact attempting to conduct discovery, rather than seeking "specific, identifiable documents." *See U.S. v. Crosland*, 821 F. Supp. 1123, 1129 (E.D. Va. 1993). *See also U.S. v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996) (noting that the party seeking a subpoena must provide more than the title of a document and conjecture as to its contents). Although a subpoena need not designate each particular paper sought, documents must be specified with reasonable particularity. 2 Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure § 275 (3d ed. 1998). Here, Defendant merely asks for "reports, records, interviews, tape recordings, photographs and other records and documents." Even if all of the information sought pertains to the internal police investigation of the charged incidents, the scope of the subpoena is so broad and the Defendant's knowledge of the file's contents so conjectural that it does not satisfy the specificity requirement of Rule 17.

In addition, evidence sought by a subpoena duces tecum must be both relevant and evidentiary. Defendant here seeks the statements of potential witnesses to some of the incidents forming the basis to the indictment. However, it is not clear that these individuals will actually testify at trial. Although impeachment evidence is generally considered evidentiary, it does not become so until the witness has testified. *See Nixon*, 418 U.S. at 701 (noting that the need for evidence to impeach witnesses is insufficient to require its production in advance of trial). Here,

it is not sufficiently clear that all of the individuals participating in the investigation will actually testify at trial.

Finally, Defendant's request fails under the second prong of the *Iozia* test, because it is unclear that the information sought is otherwise unavailable. The officers who gave this information are presumably still alive and at large. Although Defendant suggests that they may be unwilling to speak before trial or may have forgotten details, he offers no positive evidence for this and apparently has not attempted to conduct his own investigation. Hence, Defendant's subpoena is clearly flawed under Rule 17 and current precedent.

A defendant may be entitled to have the court conduct an *in camera* review of the documents subpoenaed even where he has arguably failed to satisfy Rule 17's requirements, however. Indeed, courts generally determine the outcome of a motion to quash after an *in camera* review of the documents sought. *See, e.g., In Re Martin Marietta*, 856 F.2d at 622; *U.S. v. Nixon*, 777 F.2d 958, 969 (5th Cir. 1985). Longo, the third-party recipient of the subpoena, argues not for the outright quashal of this subpoena, but rather asks the Court to conduct an *in camera* review to preserve the confidentiality of the information sought.

To qualify for an *in camera* review, a defendant need not definitively satisfy the demands of Rule 17, but instead must clear a lower hurdle by making "some plausible showing" that the information exists and that it is favorable and material to his defense. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1988); *Love v. Johnson*, 57 F.3d 1305 (4th Cir. 1995).[1] Evidence is "material" if its

---

[1] *Love* suggests that the right to disclosure of material, favorable information discussed in *Ritchie* trumps more stringent procedural requirements for subpoenas. 57 F.3d at 1315. In other words, if a defendant has made out the "plausible showing" required by *Ritchie*, he is entitled to an *in camera* review of the evidence sought, even where he has failed to comply with the specificity requirements for subpoenas. *Love* dealt with state court subpoena requirements,

4

disclosure creates a reasonable probability that the proceeding would have a different outcome. *Ritchie*, 480 U.S. at 57. A defendant may not require the court to search through the contested files without first providing a basis for his claim that it contains material evidence. *Smith v. Cromer*, 159 F.3d 875, 882 (4th Cir. 1998) (citing *Ritchie*, 480 U.S. at 58 n.15).

Once the defendant has cleared this hurdle, he is entitled to have the trial court conduct an *in camera* review of the information to determine whether it is subject to disclosure. *U.S. v. Trevino*, 89 F.3d 187 (4th Cir. 1996); *Love v. Johnson*, 57 F.3d 1305 (4th Cir. 1995). See also *U.S. v. Arditti*, 955 F.2d 331, 346-48 (5th Cir. 1992) (Goldberg, J., concurring) (discussing the requirements of Rule 17(c) and noting that if a defendant makes a threshold showing that the demand is specific and the material sought is relevant and admissible, then a district court would abuse its discretion by not granting an *in camera* review).

The difficulty of clearing the initial threshold can vary depending on the kind of information sought. Where defendants sought pre-sentence reports, the Fourth Circuit held that they had no right to an *in camera* review unless they had clearly specified the information contained in the reports that they expected would reveal exculpatory or impeachment evidence. *Trevino*, 89 F.3d at 192. This higher standard applies because pre-sentence reports are generally kept confidential and not subject to disclosure. *Id.* It is unclear whether this heightened requirement applies to anything beyond pre-sentence reports, however. On the other hand, in a case where the defendant sought confidential medical files and interviews with the minor sexual assault victim, the court held, "When as in *Ritchie* and in the instant case, an accused cannot

---

however, not with requirements under Rule 17(c). Nonetheless, the constitutional basis of *Ritchie* suggests that the same logic holds true under the Federal Rules, and the Court will operate under that assumption here.

5

possibly know, but may only suspect, that particular information exists that meets these requirements, he is not required . . . to make a particular showing of the exact information sought and how it is material and favorable." *Love*, 57 F.3d at 1313. Rather, the defendant only need reach the lesser hurdle of "some plausible showing" of existence, materiality, and favorability. *Id.*

In addition, it is worth noting that both *Love* and *Ritchie* dealt with information sought not from the prosecution itself, but from third-party state agencies. The court in *Love* held that the right to disclosure is not limited to information in the prosecution's actual possession, and "certainly extends to any [information] in the possession of state agencies subject to judicial control." *Id.* at 1314 (citing *Ritchie*, 480 U.S. at 44 n.4).

As noted above, the threshold required under the "some plausible showing" test is a low one. Although Defendant has not satisfied the Court that he is entitled to view the investigation file outright, he has made a sufficient showing to require an *in camera* review of the documents. Unlike the defendant in *Smith v. Cromer*, Defendant here has done more than offer generalized allegations, but has showed that the report is relevant to the charges at issue and has specified some of the information he hopes to find. He has referred to several witnesses he believes cooperated with the investigation, the information they can provide, and its relevance to his case. Under the low showing required by the Fourth Circuit, especially where the defendant has no way of knowing the information contained in the files sought, *see Love*, 57 F.3d at 1313, Defendant has cleared the required threshold. Further, courts in the Fourth Circuit have generally responded to similar requests by conducting an *in camera* inspection, even where the defendant was not entitled to see the file in question outright. *See, e.g., U.S. v. Cherry*, 940 F.2d 653 (4th Cir. 1991) (unpublished). Hence, the Court will conduct an *in camera* review of the documents at

issue to determine whether Defendant is entitled to obtain any of the information therein.

An appropriate order shall issue this day.

ENTERED: _____
                                                        Judge

November 9, 2005
_____
                                                        Date