CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
DEC 14 2005 C'ville
JOHN F. CORCORAN, CLERK
BY: /s/ Janabee
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROY T. FITZGERALD,<br><br>*Defendant.* | CRIMINAL CASE No. 3:05-MC-00011<br><br>ORDER AND OPINION<br><br>JUDGE NORMAN K. MOON |

This matter comes before the Court upon the *in camera* review of the Charlottesville Police investigation file submitted under seal per the Court's Order of November 9, 2005. Upon review of the documents, the Court finds that the defendant is not entitled to their production. The defendant's subpoena of these documents is hereby QUASHED.

As noted in the Order of November 9, 2005, the accused has a right to the disclosure of evidence that is both favorable to him and material to his guilt or punishment. *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987); *Love v. Johnson*, 57 F.3d 1305, 1313 (4th Cir. 1995). Evidence is material if there is a reasonable probability that, if the evidence were disclosed to the defense, the result of the proceeding would be different. *Ritchie*, 480 U.S. at 57. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the case. *Id.* Evidence is "favorable" under *Ritchie* if it either tends to negate guilt or to impeach the credibility of a key witness for the prosecution. *Love*, 57 F.3d at 1313.

1

The evidence produced for *in camera* review does not meet these requirements. It is not favorable to the defendants under any reasonable interpretation of the facts, nor is it likely to change the outcome of the case if it were introduced. Accordingly, the Court GRANTS Charlottesville Police Chief Timothy Longo's Motion to Quash.

It is so ORDERED.

The Clerk of the Court is directed to send a copy of this Order to all counsel of record.

ENTERED: *[signature]*
U.S. District Judge

December 14, 2005
Date